UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEROMY OELKER,<br><br>　　　　　　　Petitioner,<br>v.<br>IDAHO STATE BAR,<br><br>　　　　　　　Respondents. | Case No. 2:24-cv-00770-RFB-DJA<br><br>ORDER |

Pro se Petitioner Jeromy Oelker has submitted a Petition for Writ of Habeas Corpus (ECF No. 1-1) under 28 U.S.C. § 2254. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court summarily denies the petition because it is without merit on its face.

**I.　　Background**

Oelker asserts that he is challenging a "void order" imposed by the Lewis County state court in Idaho and that he is released on bail. ECF No. 1-1 at 1. It appears that in May 2020, Oelker was arrested in Lewis County and cited for one count of misdemeanor domestic battery and one count of resisting and obstructing officers. ECF No. 1-2 at 54. It further appears that the criminal case is inactive pending return of the warrant for Oelker's arrest. Id. at 55.

In April 2024, Oelker initiated this federal habeas case alleging "full deprivation of due process amendments/fraud on the court/void judgment." ECF No. 1-1 at 4. He asserts that he was arraigned without a criminal information and extorted to pay bail in violation of the Fourth and Eighth Amendments. Id. at 5.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

1

## II. Discussion

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. See Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

In order to obtain habeas relief under Section 2254, the petitioner must demonstrate that he is "in custody." 28 U.S.C. 2254(a). A federal district court may only consider a habeas petition if the petitioner was in custody at the time of filing of the federal petition. Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam); Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010). This requirement is jurisdictional, so "it is the first question" the Court must consider. Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998).

Even if Oelker was held in custody in Idaho, federal courts are courts of limited jurisdiction. Exxon Mobile Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). "Federal courts have authority to grant writs of habeas corpus 'within their respective jurisdictions.'" Malone v. Calderon, 165 F.3d 1234, 1237 (9th Cir. 1999) (quoting 28 U.S.C. § 2241); Gouveia v. Espinda, 926 F.3d 1102, 1108 (9th Cir. 2019). The law is well-established that jurisdiction over a federal habeas petition challenging present physical confinement exists only within the federal district where the petitioner is confined. See, e.g., Rumsfeld v. Padilla, 542 U.S. 443-47 (2004).

Generally, habeas corpus claims are available to prisoners that are seeking relief from unlawful imprisonment or custody. If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas. Estelle v. McGuire, 502 U.S. 62, 68 (1991).

Oelker does not give any indication that he is, or was when he initiated this action, in any form of custody under a judgment of conviction. Oelker does not allege any facts showing that he

is in any sort of custody that would give this court jurisdiction over this habeas action. Accordingly, the Court denies the petition and dismisses this action.

**IT IS THEREFORE ORDERED:**

1. Petitioner Jeromy Oelker's Petition for Writ of Habeas Corpus (ECF No. 1-1) is DENIED.

2. Petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 1) is DENIED as moot.

3. Petitioner is DENIED a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

4. The Clerk of the Court is directed to enter final judgment accordingly and close this case.

DATED: June 25, 2024.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**