# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEROMY OELKER, | Case No. 2:24-cv-00770-RFB-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| IDAHO STATE BAR, | |
| Defendants. | |

## I. INTRODUCTION

This closed habeas matter is before the Court for consideration of *pro se* Petitioner Jeromy Oelker's motion for recusal (ECF No. 27) and motion to vacate judgment (ECF No. 28). For the reasons discussed below, the Court denies Oelker's motions.

## II. BACKGROUND

In April 2024, Oelker initiated this federal habeas case alleging "full deprivation of due process amendments/fraud on the court/void judgment," asserting that he was arraigned without a criminal information and extorted to pay bail in violation of the Fourth and Eighth Amendments. ECF No. 1-1 at 4. Oelker asserts that he is challenging a "void order" imposed by the Lewis County state court in Idaho and that he is released on bail. Id. at 1. It appears that in May 2020, Oelker was arrested in Lewis County and cited for one count of misdemeanor domestic battery and one count of resisting and obstructing officers. ECF No. 1-2 at 54. It further appears that the criminal case is inactive pending return of the warrant for Oelker's arrest. Id. at 55.

On June 25, 2024, the Court denied Oelker's petition and dismissed this action because Oelker did not indicate that he was in any form of custody under a judgment of conviction and did not allege any facts showing that he is in any sort of custody that would give this court

jurisdiction over this habeas action. ECF No. 25.

### III. DISCUSSION

#### A. Motion for Recusal

The basis for the motion for recusal is that the undersigned violated Oelker's Equal Protection rights and 28 U.S.C. § 2255(b) by closing this case without holding an evidentiary hearing. ECF No. 27 at 1-2. Section 2255, however, governs federal prisoners that are challenging the legality of a federal conviction or sentence and Oelker did not file his petition under § 2255.[1] In addition, an evidentiary hearing is not warranted when "the record refutes [the petitioner's] factual allegations or otherwise precludes habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

Recusal of a judge is governed by 28 U.S.C. § 455, which provides that recusal is appropriate, *inter alia*, when "in any proceeding in which … [the judge's] impartiality might be reasonably be questioned" and "[w]here … [the judge] has a personal bias or prejudice concerning a party." In the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned. United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008).

An alleged bias must stem from an "extrajudicial source." Liteky v. United States, 510 U.S. 540, 554, 56 (1994)). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." United States v. McTiernan, 695 F.3d 882, 893 (9th Cir. 2012). Judicial rulings will only support recusal "in the rarest of circumstances." Liteky, 510 U.S. at 555.

Oelker's assertions in his motion for recusal are legally insufficient to reasonably question the undersigned's impartiality or show that a bias or prejudice exists. Adverse "[judicial rulings] are proper grounds for appeal, not for [disqualification]." Id. at 555. The Court finds that Oelker has failed to establish adequate grounds for recusal. His motion is denied.

---

[1] A district court is nonetheless not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255.

- 2 -

**B. Motion to Vacate Judgment**

Oelker appears to request reconsideration of and to vacate the Court's Order dismissing his petition. The Court will therefore construe the motion as a request for reconsideration to alter or amend the judgment.[2] Oelker reiterates his arguments asserted in his motion for recusal that his Equal Protection rights were denied and that the Court is required to hold an evidentiary hearing. The new information Oelker presents does not change the defects that required dismissal of his petition. Thus, the dismissal was not an error or manifestly unjust decision. Accordingly, Oelker's motion is denied.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner Jeromy Oelker's Motion for Recusal, (ECF No. 27), is **DENIED**.

**IT IS FURTHER ORDERED** that Oelker's Motion to Vacate Judgment, (ECF No. 28), is **DENIED**.

**IT IS FURTHER ORDERED** that, to the extent required, a certificate of appealability is denied, as jurists of reason would not find the disposition of Petitioner's filing to be debatable or incorrect.

**DATED:** March 28, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

---

[2] Under Rule 59(e) of the Federal Rules of Civil Procedure, a motion to alter or amend judgment for any reason may be filed no later than 28 days after entry of judgment. A motion seeking reconsideration should not be granted, "absent highly unusual circumstances," unless the court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. Marlyn Nutraceuticals, Inc. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009); Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).